# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:19-cr-014

                                            District Judge Thomas M. Rose
- vs -                                    Magistrate Judge Michael R. Merz

KEVIN DORN,

                Defendant.      :

## REPORT AND RECOMMENDATIONS

     Defendant Kevin Dorn filed this action *pro se* pursuant to 28 U.S.C. § 2241, seeking an order to the federal Bureau of Prisons to require immediate application to his sentence of earned time credits under 18 U.S.C. § 3632(d)(4)(A), a portion of the First Step Act (Motion to Reduce Sentence, ECF No. 84). Taking the Motion at face value as a petition for habeas corpus relief under § 2241, the Magistrate Judge ordered the United States to respond (ECF No. 85). It did so by moving to dismiss or transfer the case for lack of jurisdiction (ECF No. 86). Attorney Anthony Van Noy, appointed by the Court to represent Dorn on his request for compassionate release, opposed the Motion on grounds that compassionate release requests can only be heard here because this is the sentencing Court (ECF No. 88).

     The record reflects that Judge Rose has already considered and denied Dorn's request for compassionate release (ECF No. 83). Thus if the Magistrate Judge were to construe the Motion as Attorney Van Noy suggests, he would recommend dismissal on the basis of *res judicata*. If on the

other hand the Motion to Reduce is construed as it is labeled, a request for relief under 28 U.S.C. 2241, the Government's request to dismiss for lack of jurisdiction would be well taken since the court with jurisdiction over habeas corpus requests is the Court where a prisoner is in custody.

Regardless of which way the Motion is construed, it should be denied or dismissed. The Magistrate Judge therefore respectfully recommends the Motion be denied without prejudice to the merits.

February 5, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

### NOTICE REGARDING RECORD CITATIONS

The attention of all parties is called to S. D. Ohio Civ. R. 7.2(b)(5) which provides:

> (5) **Pinpoint Citations**. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. ___ or Doc. No. ___) of the document referenced.

The Court's electronic filing system inserts in all filings hyperlinks to the place in the record which has been cited following this Rule. However, as with most computer systems, the CM/ECF

program cannot read pinpoint citations which do not follow the Rule precisely.  For example, the first pinpoint citation in ODRC's Reply reads "Plaintiff argues that he could not bring this action until "administrative remedies as (sic) are exhausted (sic)." (Doc. 80, PageId# 987)."  The correct citation would have been Doc. No. 80, PageID 987."  Because Defendant added the "#" symbol, the program failed to inset a hyperlink.  Use of this software is mandated by the Judicial Conference of the United States and cannot be locally modified.  **The parties are cautioned to comply precisely with S. D. Ohio Civ. R. 7.2(b)(5) in any further filings.**